UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KERI DAWNEL MORRIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:10-CV-2289-B |
| | § | |
| HOME DEPOT U.S.A., INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Keri Dawnell Morris's Motion to Remand (doc. 4), filed November 15, 2010. For the reasons discussed below, the Court finds that Plaintiff's Motion should be and hereby is **DENIED**.

## I.

## BACKGROUND

This is a personal injury action arising from injuries sustained by Morris while employed by Defendant Home Depot.. (*See* Pl.'s Original Compl. ¶¶ 5.01-6.01). Morris alleges that she suffered severe and permanent injury to her lower back, buttock, hip, and groin as a result of her being outfitted with a metal lanyard and hoisted sixteen feet into the air to set up a Christmas display in October 2008. (*Id.* at ¶ 4.02). She alleges that Home Depot's conduct was both negligent and grossly negligent in several ways. (*See id.* at ¶¶ 5.01-6.01).

Morris initiated this action in the 134th Judicial District Court of Dallas County, Texas, on October 13, 2010. (Pl.'s Mot. Remand 1). She seeks compensatory damages for past and future

physical pain, anguish, lost wages, lost earning capacity, physical impairment, scarring/disfigurement, and medical, life care, and hospital expenses, as well as punitive damages and court costs. (Pl.'s Original Compl. ¶¶ 7.01-.02, 10.0).

On November 11, 2010, Home Depot removed the instant action to this Court on the basis of diversity jurisdiction. (Notice of Removal 1-2). Morris thereafter filed her Motion to Remand (doc. 4), arguing that Home Depot had failed to meet its burden of showing either that the amount in controversy exceeded $75,000 or that the Texas Workers' Compensation Act ("TWCA") did not preclude removal of this suit. (*See generally* Pl.'s Motion Remand). While not required to succeed on her Motion to Remand, Morris noticeably does not argue that the amount in controversy *actually is* less than $75,000. Home Depot responded to this Motion, arguing that the amount of controversy facially exceeds $75,000, that her claims do not arise under the TWCA, and that her claims are therefore removable. Plaintiff did not file a Reply.

## II.

## LEGAL STANDARDS

A defendant may remove an action filed in state court to federal court if the case could have originally been filed in federal court. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction is limited; federal courts may entertain only those cases involving a question of federal law or those where parties are of diverse citizenship. *See* 28 U.S.C. §§ 1331-1332. In diversity cases, the citizenship of each plaintiff must be diverse from the citizenship of each defendant, and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. The party invoking federal jurisdiction has the burden of establishing it. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).

The amount in controversy is determined at the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). In determining whether the amount in controversy requirement is satisfied, the Court looks first to whether the plaintiff alleges a specific amount of damages in the petition. *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003). Where the plaintiff has in good faith alleged a sum certain that exceeds the requisite amount in controversy, that amount controls. *De Aguilar*, 47 F.3d at 1410. Where, on the other hand, the plaintiff does not allege a particular sum in damages, the removing party must prove by a preponderance of the evidence that the amount of the claim will exceed the jurisdictional minimum. *Id.* at 1412. In making this determination, the Court must first assess whether it is "facially apparent" from the plaintiff's operative complaint, filed in state court, that damage claims exceed $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If it is not facially apparent that the claims exceed $75,000, the removing party may provide "summary judgment-type" evidence to demonstrate that the claims exceed the amount in controversy. *Id.* If a defendant meets its burden of establishing the jurisdictional amount, then the plaintiff must show that as a matter of law it is certain that her claims actually amount to less than $75,000 by either filing a binding stipulation or affidavit with her petition. *De Aguilar*, 47 F.3d at 1412.

Congress has deemed certain actions to be "nonremovable." *See* 28 U.S.C. § 1445. Of particular import in the instant action, "[a] civil action in any State court *arising under* the workmen's compensation laws of such State may not be removed to any district court of the United States." *Id.* § 1445(c) (emphasis added). The TWCA provides, in part, "that in an action against a nonsubscribing employer for personal injuries or death sustained by an employee, the employer may not rely upon certain common law defenses, and the employee must prove negligence." *Pyle v.*

*Beverly Enters.-Tex., Inc.*, 826 F. Supp. 206, 209 (N.D. Tex. 1993) (citing TEX. REV. CIV. STAT. ANN. art. 8308-3.03–.04, now codified at TEX. LAB. CODE § 406.033).

## III.

## ANALYSIS

In order for the instant case to remain in federal court, Defendant must demonstrate that the parties have diversity of citizenship, that the amount in controversy more likely than not exceeds $75,000, and that Morris's claims do not arise under the TWCA and are therefore removable. The parties agree that the diversity of citizenship requirement is met. Instead, their contentions revolve around the amount in controversy and whether Morris' claims arise under the TWCA.

    A.    *Whether Morris's Claims "Arise Under" the TWCA*

The Court initially turns to whether this action is even removable in the first place. Any action "arising under" the TWCA is not removable. *See* 28 U.S.C. § 1445(c). Morris contends that the TWCA "clearly contemplates negligence actions against non-subscribing employers such as Home Depot, as evidenced by expressly removing—by state statute—specific defenses to negligence claims that would have been allowed under common law." (Pl.'s Mot. Remand 3). Thus, she argues, her negligence and gross negligence claims arise under the TWCA and are not removable. (*Id.*). Home Depot counters that negligence claims like Morris's arise under Texas common law, not the TWCA. (Def.'s Resp. 8-10).

In deciding whether an action "arises under" a state's workers' compensation laws for purposes of Section 1445(c), the Fifth Circuit has instructed courts to apply the same standard that governs federal question jurisdiction: "[a] suit arises under the law that creates the cause of action." *Ehler v. St. Paul Fire & Marine Ins. Co.*, 66 F.3d 771, 772 (5th Cir. 1995); *Jones v. Roadway Express*

*Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991). In other words, courts look to the source of the claimant's right of action—just because a claimant's tort claim relates to a workers' compensation law, that does not necessarily entail that the claim "arises under" that worker's compensation law. *Ehler*, 66 F.3d at 772-773.

The Fifth Circuit has never ruled upon the precise issue presently before the Court: whether an employee's negligence claim against a nonsubscribing employer arises under the TWCA or Texas common law. Federal district courts are split on whether such claims are removable. *Compare Pyle*, 826 F. Supp. at 209 (stating that they are removable), *and Eurine v. Wyatt Cafeterias, Inc.*, Civ. A. No. 3-91-0408-H, 1991 WL 207468, at *1-2 (N.D. Tex. Aug. 21, 1991), *with Figueroa v. Healthmark Partners*, 125 F. Supp. 2d 209, 211-12 (S.D. Tex. 2000) (stating that they are not removable), *Smith v. Tubal-Cain Indus., Inc.*, 196 F. Supp. 2d 421, 423 (E.D. Tex. 2001), and *Dean v. Tex. Steel Co.*, 837 F. Supp. 212, 214 (N.D. Tex. 1993). The Fifth Circuit has, as both parties note, however, discussed the issue in a recent opinion. *See Am. Intn'l Specialy Lines Ins. Co. v. Rentech Steel, L.L.C.*, 620 F.3d 558 (5th Cir. 2010).

In *Rentech*, the court expressly refused to "comment on whether the TWCA's mere 'contemplat[ion]' of a cause of action provides sufficient justification to deny removal under [28 U.S. C. §] 1445(c)," instead resolving the issues before it on other grounds. *Rentech*, 620 F.3d at 569. However, the Court made several comments in dicta that are relevant to the issue currently pending before this Court. For one, the court noted that a Texas Supreme Court opinion from 2000 "suggests that the right to bring a claim against a nonsubscriber for negligence remains what it has always been—a right arising under common law." *Id.* at 565 (referring to *Kroger Co. v. Keng*, 23 S.W.3d 347, 349-50 (Tex. 2000)). The court further remarked that two cases from this

District—both of which held that negligence claims against nonsubscribing employers do not arise under the TWCA—are "consistent with the Texas Supreme Court's approach in *Kroger* . . . and with the history of the TWCA." *Id.* at 568 (referring to *Pyle*, 826 F. Supp. 206 and *Eurine*, 1991 WL 207468).

The Court finds the two case from this District cited in *Rentech* to be particularly apposite in its present determination. In *Pyle*, Chief Judge Fitzwater noted that the plaintiff's recovery was not "pursuant to the TWCA." *Pyle*, 826 F. Supp. at 209. Instead, the plaintiff's petition "clearly allege[d] common law claims of negligence, intentional infliction of emotional distress, and breach of duty of good faith and fair dealing." *Id.* He further pointed out that those claims "are not causes of action that are created by the TWCA; they exist independently . . . the fact that the TWCA deprives [nonsubscribing] employers of certain defenses to negligence claims does not mean that claims by employees against nonsubscribing employers are brought pursuant to the TWCA." *Id.*

In *Eurine*, Judge Sanders similarly came to the conclusion that a plaintiff's slip-and-fall case "[did] not arise under the Texas workers' compensation statute" and was thus removable. *Eurine*, 1991 WL 207468, at *2. He noted that "[a] cause of action does not arise under workers' compensation laws merely because the workers' compensation statute deprives the defendant of certain defenses to the cause of action." *Id.* at 1. In terms of the TWCA in particular, he concluded that the fact that it "deprives employers of certain defenses to negligence claims does not require a different conclusion." *Id.* at 2.

The Court agrees with this District's prior holdings that an employee's negligence (and gross negligence) claims against a nonsubscribing employer do not "arise under" the TWCA, rather they arise under Texas common law. While, as noted above, other district courts have interpreted the

law otherwise, the Court finds the reasoning of the Fifth Circuit and Judges Fitzwater and Sanders more persuasive. Accordingly, the Court finds that Morris' claims do not arise under the TWCA and are therefore removable, so long as the other requirements for diversity jurisdiction are met.

      B.      *Amount in Controversy*

Morris also contends that this case should be remanded because Home Depot has provided no evidence nor is it apparent from the face of her Original Petition that the amount in controversy exceeds $75,000. (Pl.'s Mot. Remand 2). Fifth Circuit case law is clear, a court need only look at extrinsic evidence if the amount in controversy is not "facially apparent" from the Complaint. *See St. Paul Reinsurance*, 134 F.3d at 1253. Looking at the face of Plaintiff's Original Petition, the Court finds that Home Depot has demonstrated it is more likely than not that Plaintiff's claims exceed the amount in controversy.

Plaintiff seeks compensatory damages for past and future physical pain, anguish, lost wages, lost earning capacity, physical impairment, scarring/disfigurement, and medical, life care, and hospital expenses, as well as punitive damages and court costs. (Pl.'s Original Compl. ¶¶ 7.01-.02, 10.0). When a plaintiff alleges a host of potential forms of relief, such a decision indicates that the plaintiff is "seeking any possible grounds to maximize her recovery up to the cap." *Muniz v. El Paso Marriott*, No. EP-09-CV-274-KC, 2009 WL 4878619, at *5 (W.D. Tex. Dec. 8, 2009); *Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *6 (W.D. Tex. June 21, 2010). Furthermore, several courts, examining injuries and requested relief virtually identical to those in the instant case, have found an amount in controversy exceeding the minimum jurisdictional amount to be facially apparent. *See, e.g.*, *Gebbia v. Wal-Mart Stores, Inc*, 233 F.3d 880, 883 (5th Cir. 2000) (finding amount in controversy satisfied in slip and fall case where plaintiff

claimed injuries to her wrist, knee, and back and sought damages for medical expenses, pain and suffering, mental anguish, and lost wages); *Pollet v. Sears Roebuck and Co.*, 46 F. App'x 226, 2002 WL 1939917, at * 2-4 (5th Cir. 2002) (same, where plaintiff claimed injuries to her face, elbow, left hand, and tail bone and sought damages for medical expenses, lost wages, and pain and suffering); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 839-40 (E.D. Tex. 2008) (same, where plaintiff claimed injuries to her arm, hip, and side and sought dagaes for medical expenses, lost wages, pain and suffering, and mental anguish and also citing host of similar cases finding that the amount in controversy was met). Due to the nature and extent of Plaintiff's claimed injuries and requested damages, the Court finds that more likely than not, the amount in controversy in this case exceeds $75,000.

Once a defendant has met its burden as to amount in controversy, the law affords a plaintiff the opportunity to show that her damages will actually be less than that amount. *De Aguilar*, 47 F.3d at 1411. Plaintiff has not made any such indication. Because Home Depot has shown that the amount in controversy more likely than not exceeds $75,000 and because Plaintiff has not provided any indication that her damages will certainly be less than $75,000, the Court finds that the amount in controversy requirement of diversity jurisdiction is satisfied.

## IV.
## CONCLUSION

Because this case involves completely diverse parties, because the amount in controversy more likely than not exceeds $75,000, and because Morris's claims do not "arise under" the TWCA, Defendant's removal of the action to federal court was proper. Accordingly, Plaintiff's Motion to Remand is **DENIED**.

SO ORDERED.

DATED February 28, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE